# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS KEVIN ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. ED CV 13-1294 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Dennis Kevin Rogers ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") erred in his step four and five determinations. (Joint Stip. at 4-9, 14-15.) The Court agrees with Plaintiff for the reasons discussed below.

A.  <u>The ALJ Relied on an Incomplete Hypothetical at Step Four</u>

Although the burden of proof lies with the claimant at step four, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ may utilize a vocational expert ("VE") to assist in this determination and provide the necessary evidentiary

1  support.  *See* 20 C.F.R. § 404.1560(b)(2).  However, a "[VE]'s response to [an]
2  *incomplete* hypothetical ha[s] "no evidentiary value."  *Nguyen v. Chater*, 100 F.3d
3  1462, 1466 n.3 (9th Cir. 1996) (citation omitted); *Gallant v. Heckler*, 753 F.2d 1450,
4  1456 (9th Cir. 1984) ("If the assumptions in the hypothetical are not supported by
5  the record, the opinion of the [VE] that claimant has a residual working capacity has
6  no evidentiary value.").

7       Here, the VE did *not* respond to a complete hypothetical.  Although the ALJ
8  properly included all of Plaintiff's limitations, it appears as though the VE either
9  misheard or misinterpreted the ALJ's question.  (*See* Administrative Record ("AR")
10 at 73-74.)  The ALJ asked the VE whether an individual who, among other
11 restrictions, "was limited to walking and standing up to two hours *each*."  (*Id.* at 73)
12 (emphasis added).  The VE responded that Plaintiff could return to his previous
13 work because there are "[a] percent of those jobs in security that did not require
14 more than *four* hours of ambulation."  (*Id.* at 74) (emphasis added).  The ALJ
15 accepted the VE's testimony and found Plaintiff to be nondisabled.  (*Id.* at 32.)

16       However, Plaintiff is *not* able to ambulate for four hours in a day.  Rather,
17 Plaintiff is restricted "to walk[ing] about or mov[ing] from place to place," *see*
18 *Ambulate*, Dictionary.com, http://dictionary.reference.com/browse/ambulate (last
19 visited Mar. 11, 2014), for only *two* hours in a typical work day.  (*See* AR at 28);
20 SSR 96-9p, 1996 WL 374185 (listing seven *different* exertional demands as sitting,
21 standing, walking, lifting, carrying, pushing, and pulling).  Because the VE conflated
22 Plaintiff's walking and standing restrictions, she did not respond to a complete
23 hypothetical.  As such, her opinion says little about Plaintiff's capacity to return to
24 his prior work and, consequently, "has no evidentiary value."  *See Gallant*, 753 F.2d
25 at 1456. Accordingly,  the ALJ's step four determination is not supported by the
26 "requisite factual findings."  *See Pinto*, 249 F.3d at 844.

27
28

B.   The ALJ Failed to Apply the Grids at Step Five

At step five of the sequential evaluation, the burden of proof shifts to the Commissioner to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). When a claimant suffers only exertional limitations, the ALJ must first consult the Medical-Vocational Guidelines ("grids"). *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). The grids, presented in table form, provide a short-hand method for determining the availability of suitable jobs for a claimant. *Id.* A claimant's place within the proper table is determined by applying four factors—age, education, previous work experience, and physical capability. 20 C.F.R. Pt. 404, Subpt. P, App. 2; *see Lounsburry*, 468. F.3d at 1114. For each combination of factors, the grids "direct a finding of either "disabled" or "not disabled" based on the number of jobs [] in that category of physical-exertional requirements." *Id.* "Under no circumstances may a [VE]'s testimony supplant or override a disability conclusion dictated by the [grids]." *Id.* at 1116.

In this case, the ALJ misapplied the grids. Plaintiff is of advanced age (55) and a high school graduate. (AR at 38, 43.) His past work was semi-skilled and he retains transferable skills. (*Id.* at 74.) Presently, he is capable of light work. (*Id.* at 28.) As the ALJ acknowledges, Plaintiff falls under grid Rule 202.07. (*Id.* at 75); 20 C.F.R. Pt. 404, Subpt. P, App. 2. § 202.07. Rule 202.07 directs a finding of nondisabled *except* "for individuals of advanced age who have only skills that are not readily transferable to a *significant range* of semi-skilled or skilled work that is within the individual's functional capacity." *Id.* § 202.07(c).

The "significant range" requirement is not satisfied where, as here, Plaintiff is capable of performing only one semi-skilled occupation. *See Lounsburry*, 468 F.3d at 1117. In *Lounsburry*, a case similar to the one at bar, the claimant likewise fell under grid Rule 202.07. *Id.* The ALJ found that the claimant was not disabled based on VE testimony that she was capable of one occupation. *Id.* at 1112. On appeal,

the Ninth Circuit reversed, holding that "the ALJ misapplied Rule 202.07 by failing to consider fully the effect of Rule 202.00(c)[, f]ootnote (2) to Rule 202.07." *Id.* at 1116.  The court construe[d] the phrase "significant range of ... work" in Rule 202.00(c) to require a significant number of occupations" and found that "[one type of] occupation does not constitute a significant range of work." *Id.*  Accordingly, the ALJ's nondisability determination was improper. *Id.*

Here too, in finding Plaintiff nondisabled, the ALJ ignored footnote (2) to Rule 202.07.  The VE identified only one viable semi-skilled occupation for Plaintiff, that of gate guard.  (AR at 36.)  Pursuant to *Lounsburry*, this position alone does not satisfy Rule 202.07.  Accordingly, the ALJ's nondisability determination violates the grids and was made in error.

    C.    Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).  But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, there are outstanding issues which must be resolved before a final determination can be made.  On remand, the ALJ shall reexamine the VE and clarify whether Plaintiff can return to his past work given that he can walk for only two hours a day.  If the ALJ determines that Plaintiff cannot return to his past work, he must continue to step five and, with the help of the VE, ascertain whether there is a "significant range" of semi-skilled work that Plaintiff can perform. *See Lounsburry*, 468 F.3d at 1117.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: March 12, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge